*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* F. E. PRICE, Minor.

UNPUBLISHED
November 18, 2024
10:43 AM

No. 369823
Oakland Circuit Court
Family Division
LC No. 2021-883594-NA

Before: K. F. KELLY, P.J., and CAVANAGH and RIORDAN, JJ.

PER CURIAM.

Respondent appeals by right the order terminating her parental rights to her minor child, "FEP," under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist), (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm if returned to parent). We affirm.

## I. FACTUAL BACKGROUND

The trial court authorized a petition for temporary custody of FEP after he tested positive for cocaine and THC at birth. The petition noted that one of FEP's older siblings had also tested positive for cocaine and THC at birth and that FEP's three siblings were no longer in respondent's care because of her ongoing substance abuse issues. Because respondent failed to comply with her service plan while FEP was in foster care for nearly two years, petitioner filed a supplemental petition for permanent custody seeking termination of respondent's parental rights. The petition alleged that respondent continued to abuse controlled substances, lacked suitable housing, had an extensive history of incarceration, and failed to comply with her service plan.

Following a termination hearing, the trial court determined that clear and convincing evidence supported the statutory grounds for termination. The trial court stated that it believed that respondent loved FEP, but that she had repeatedly failed to do what was necessary to be reunified with him. The court noted that respondent still lacked housing and continued to abuse drugs. The court also determined that respondent was financially able to provide care and custody for FEP because she claimed to receive Supplemental Security Income (SSI), but that she had failed to provide proof of her income. Further, the court reasoned that respondent had failed to

comply with her service plan regarding mental health and substance abuse treatment and was frequently incarcerated. The court scheduled a best-interests hearing.

At the best-interests hearing, the trial court again acknowledged that respondent loved FEP, but determined by a preponderance of the evidence that it was in FEP's best interests to terminate respondent's parental rights. The court opined that respondent failed to complete her service plan, including failing to complete a substance abuse assessment despite respondent's admission that she had a long-term substance abuse history. The court also reasoned that respondent had missed a majority of scheduled visits with FEP and that respondent and FEP did not have a bond. The court concluded that terminating respondent's parental rights was in FEP's best interests based on his need for permanence and stability, the significant advantages of his foster home, the length of time that he had been in foster care, and the significant amount of time that it would take respondent to be in a position to care for him. This appeal followed.

## II. STATUTORY GROUNDS

Respondent first argues that clear and convincing evidence did not support the trial court's determination that the statutory grounds for termination of parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j) had been established. We disagree.

## A. LEGAL PRINCIPLES

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App 76, 80; 836 NW2d 182 (2013). "The clear and convincing evidence standard is the most demanding standard applied in civil cases." *In re Pederson*, 331 Mich App 445, 472; 951 NW2d 704 (2020) (quotation marks, citation, and brackets omitted). Clear and convincing evidence is evidence so clear, convincing, direct, and weighty that it permits the trier of fact "to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Id*. (citation omitted). "This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination." *In re White*, 303 Mich App 701, 709; 846 NW2d 61 (2014). A finding of fact is clearly erroneous if we are left with "a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re BZ*, 264 Mich App 286, 296-297; 690 NW2d 505 (2004).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j), which provide that termination of parental rights is proper when:

> (c) The parent was a respondent in a proceeding brought under this chapter, 182 or more days have elapsed since the issuance of an initial dispositional order, and the court, by clear and convincing evidence, finds either of the following:

> (*i*) The conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

* * *

      (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

      (j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if the child is returned to the home of the parent.

A statutory basis for termination of parental rights under MCL 712A.19b(3)(c)(*i*) exists if the conditions that brought the child into care continue to exist despite the time and opportunity to make changes and participate in services. *In re White*, 303 Mich App at 710. The type of harm contemplated by MCL 712A.19b(3)(j) can be either physical or emotional. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011).

## B. ANALYSIS

The trial court did not clearly err by determining that clear and convincing evidence supported the statutory grounds for termination. FEP was placed in foster care because of respondent's lack of suitable housing and substance abuse. Similar to one of FEP's older siblings, FEP tested positive for cocaine and THC at birth. Respondent's substance abuse issues led to her three other children being placed in a legal guardianship with her sister, and her substance abuse issues continued throughout the duration of the lower court proceedings. During the proceedings, respondent entered an in-patient substance abuse treatment program, but left after two days. She became unconscious because of suspected substance abuse while in her visitation coach's car on the way to visit FEP. Instead of visiting FEP, respondent's visitation coach attempted to take respondent to the hospital, but instead dropped respondent off on the street at respondent's request. Respondent also tested positive for cocaine in July 2023, a few months before the termination hearing. Throughout the trial court proceedings, respondent failed to comply with drug screens and substance abuse treatment.

Respondent was also homeless throughout the duration of the lower court proceedings and often stayed at her mother's house or with friends for a day or two at a time when she was not incarcerated. Respondent was frequently incarcerated, including at the time of the termination hearing. When FEP was removed from respondent's care, he was staying with respondent's mother, who also had a substance abuse and criminal history.

Further, respondent claimed that she received SSI, but admitted that she failed to provide proof of her income to her caseworker. She also failed to consistently visit FEP. Despite being offered transportation assistance for visits, respondent participated in only seven in-person visits and 12 virtual visits. She missed more than 56 out of 82 visits, often arrived late, and appeared to be under the influence of controlled substances during one visit. In addition, she failed to maintain contact with her caseworker and, in June 2022, she was referred to Child Protective Services for

-3-

leaving two of her older children alone in a hotel room for at least two hours while she went somewhere with a man. Although FEP had been removed from respondent's care more than two years before the termination hearing, respondent blamed others and refused to take responsibility for her failure to comply with her service plan. Accordingly, clear and convincing evidence supported the statutory grounds for terminating respondent's parental rights.

## III. BEST INTERESTS

Respondent next argues that the trial court clearly erred by finding that it was in FEP's best interests to terminate her parental rights. We disagree.

## A. LEGAL PRINCIPLES

"If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5). The focus of a best-interests hearing is on the child rather than the parent. *In re Moss*, 301 Mich App at 87. In determining whether termination of parental rights is in the child's best interests, the trial court should weigh all of the evidence and may consider "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Atchley*, 341 Mich App 332, 346; 990 NW2d 685 (2022) (citation omitted). The trial court may also consider the length of time that the child has been in care, the likelihood that the child can be returned to the parent's home within the foreseeable future, and the parent's compliance with the service plan. *Id*. at 346-347. A trial court cannot terminate a respondent's parental rights unless the court finds by a preponderance of the evidence that termination is in the child's best interests. *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021). We review for clear error the trial court's best-interests determination. *Id*.

## B. ANALYSIS

At the time of the best-interests hearing, FEP had been in foster care for more than two years. He was removed from respondent's care when he was only four weeks old, he did not have a bond with respondent, and he had a strong bond with his foster family. His foster parents planned to adopt him and were able to provide him with safety and stability. Respondent testified that she signed a lease for an apartment and obtained employment after the termination hearing, but she failed to provide the caseworker or her attorney with proof of housing or employment and she was once again incarcerated in jail at the time of the best-interests hearing. Respondent admitted that she was not ready for FEP to be returned to her at that point. Because of the length of time that FEP had been in foster care, his lack of a bond with respondent, and respondent's inability to care

for FEP in the foreseeable future, if ever, the trial court did not clearly err by determining that it was in FEP's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Riordan